UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CENTRAL SECTION

CIVIL ACTION NO.

Devin R. Reade )
          Plaintiff )
)
v. )
) **COMPLAINT and**
Ryan Sanderson, Individually and )
in his Official Capacity as Police Officer ) **JURY TRIAL DEMAND**
of the Town of Spencer Police Department, )
and )
Valerie Morin, Individually ) 04-40086 MMG
and in her Official Capacity as a Police )
Officer of the Town of Spencer Police )
Department, and )
David Darrin, In his Official ) RECEIPT # 404330
Capacity as Chief of Police for the ) AMOUNT $ 150.00
Town of Spencer Police Department, and ) SUMMONS ISSUED ✓
The Town of Spencer, ) LOCAL RULE 4.1 ✓
a Municipal Corporation duly established ) WAIVER FORM ✓
under the laws of the Commonwealth of ) MCF ISSUED ✓
Massachusetts, ) BY DPTY. CLK. [signature]
          Defendants ) DATE 5-21-04
)

## I.   JURISDICTION

1.    This is an action under the Federal Civil Rights Act, 42 U.S.C. §§ 1983 and 1988. The Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343. The Plaintiff further invokes the pendent jurisdiction of this Court to consider the claims arising under state law sounding in tort, G. L. c. 258, §4, the Massachusetts Tort Claim Act, and under the Declaration of Rights of the Massachusetts Constitution.

2.  There exists between the parties an actual controversy justiciable in nature.

## II.  *PARTIES*

3.  Plaintiff Devin R. Reade has at all times relevant to the allegations of this Complaint been a resident of the Town of Colrain, Franklin County, in the Commonwealth of Massachusetts.

4.  Defendant Officer Ryan Sanderson has at all times relevant to the allegations of this Complaint been a police officer, acting under color of law as an agent/employee for the Town of Spencer Police Department, Worcester County, in the Commonwealth of Massachusetts.

5.  Defendant Officer Valerie Morin has at all times relevant to the allegations of this Complaint been a police officer, acting under color of law as an agent/employee for the Town of Spencer Police Department, Worcester County, in the Commonwealth of Massachusetts.

6.  Defendant David Darrin has at all times relevant to the allegations of this Complaint been the Chief of Police, acting under color of law as an agent/employee for the Town of Spencer Police Department, Worcester County, in the Commonwealth of Massachusetts. In his capacity as Chief of Police, David Darrin was the principal law enforcement administrator for the Town of Spencer, and, as such, was at all times relevant to the allegations of this Complaint, responsible for the practices, customs and policies of the Town of Spencer Police Department and all of its individual members,

including adequate training, supervising, investigating, and disciplining of police officers and other police supervisory officials.

7.   Defendant Town of Spencer has at all times relevant to the allegations of this Complaint been a Municipal Corporation duly established under the laws of the Commonwealth of Massachusetts. The Town of Spencer, through its officers, employees and/or agents, was at all times responsible for the practices, customs and policies of the Town of Spencer Police Department and all of its individual members including adequate training, supervising, investigating and disciplining of the chief of police, police supervisory officials and police officers.

## III.   STATEMENT OF FACTS

8.   On December 21, 2002 at approximately 3:38 a.m., plaintiff Devin R. Reade, who was 22 years old at the time, was placed in "protective custody", by Officer Sanderson of the Spencer Police Departments. Previously, Officer Sanderson had responded to the area of 62 North Spencer Road as a result of a report of a disabled motor vehicle. Officer Sanderson discovered the plaintiff's motor vehicle alongside the road and observed the plaintiff about fifty yards away running towards him. When the plaintiff reached Officer Sanderson, he identified himself as the owner of the motor vehicle and stated that he had run out of gas. During this conversation, Officer Sanderson formed the opinion that the plaintiff was under the influence of alcohol and made the decision to put him into protective custody. The plaintiff was handcuffed and

transported to the Spencer Police station.

9. According to the police report, the plaintiff became uncooperative at the Spencer Police station as Officer Sanderson and Officer Morin attempted to process the plaintiff, and as a result, the plaintiff was placed in a cell at approximately 4:11 a.m. At approximately 6:47 a.m., Officer Sanderson and Officer Morin removed the plaintiff from the cell to complete the "booking process". The plaintiff continued to be uncooperative. When the plaintiff refused the officers' instructions to return to the cell, according to Officer Sanderson's report, he [Officer Sanderson] was "forced to place [his] hands upon [the plaintiff] and at which point he stumbled and fell to the ground". When the plaintiff landed on the floor of the cell, he suffered a gash above left eye requiring 10 stitches, a broken tooth, and injuries to his jaw, shoulder, elbow and lower back.

10. The plaintiff alleges that he was illegally arrest and imprisoned by Officer Sanderson, and assaulted and battered by Officer Sanderson and Officer Morin, and as a result, plaintiff Devin R. Reade suffered severe and extreme emotional distress and mental anguish, public humiliation and embarrassment, serious physical injuries, pain and suffering, loss of enjoyment of life, and incurred substantial medical and dental bills and other related expenses and damages.

11. On information and belief, the defendant police officers attended the police academy and received initial training in the laws of arrest and detention, the law of protective custody, the laws of criminal prosecution, and constitutional rights of citizen.

They knew or should have known that they violated the Fourth and Fourteenth Amendments, and otherwise denied the state and federal constitutional and statutory rights of the plaintiff.

12. On information and belief, on occasions prior to the incident alleged in the preceding paragraphs, defendants Chief of Police David Darrin and the Town of Spencer through its officers and/or agents, knew or should have known that Spencer Police Officers illegally arrested and imprisoned, engaged in malicious prosecutions, engaged in cover-ups, verbally abused and harassed, and otherwise denied the statutory and constitutional rights of citizens.

13. On information and belief, defendants Chief of Police David Darrin and the Town of Spencer through its officers and/or agents, failed to adequately train, investigate, supervise, and discipline the police officers employed by the Town of Spencer Police Department.

14. On information and belief, defendants Chief of Police David Darrin and the Town of Spencer through its officers and/or agents, failed to adequately train the police officers employed by the Spencer Police Department subsequent to initial police academy training regarding the laws of arrest, the laws of protective custody, the laws of the use of force, the laws of search and seizure, the laws pertaining to probable cause to arrest and prosecute, constitutional rights of citizens and civil liability of police officers.

15. The acts of the defendant police officers, defendant Chief of Police David

Darrin and other policy makers of the Town of Spencer are grossly negligent, amounting to deliberate indifference to the rights of citizens who the police come into contact with, or negligent at the very least.

16. On or about May 14, 2003, plaintiff through Counsel sent a Notice/Demand letter pursuant to G. L. c. 258 to the appropriate Town of Spencer officials. See Exh. A hereto. More than six months has passed since the receipt of this notice by the appropriate Town of Spencer officials. The appropriate Town of Spencer officials have failed to reply to said Notice/Demand. On behalf of the defendants, Massachusetts Interlocal Insurance Association did purport by letter dated July 15, 2003 to deny the claims submitted to the defendants pursuant to G.L. c. 258. See Exh. B.

## IV. CAUSES OF ACTION

### COUNT I: ILLEGAL ARREST AND UNLAWFUL IMPRISONMENT

17. The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18. As a direct and proximate result of the malicious, wanton and wilful acts of the defendant police officers acting under color of law, plaintiff Devin R. Reade was intentionally and unlawfully arrested and confined without his consent and without probable cause or lawful justification, and thereby was deprived of rights guaranteed by the statutes of the United States and the Commonwealth of Massachusetts and the Fourth and Fourteenth Amendments to the United States Constitution and the

Declaration of Rights of the Massachusetts Constitution. The plaintiff was also damaged in his reputation, embarrassed, prevented from engaging in his usual activities, and caused to endure pain, suffering and mental anguish.

19. The plaintiff is thereby entitled to damages under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, the Declaration of Rights of the Massachusetts Constitution, G. L. c. 12, §11I, and under Massachusetts common law for false arrest and false imprisonment.

## *COUNT II: EXCESSIVE FORCE, HARASSMENT AND INTIMIDATION*

20. The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 19 of this Complaint as though fully set forth herein.

21. As a direct and proximate result of the reckless, grossly negligent, malicious, wanton and/or willful acts of the defendant police officers, acting under color of law, the defendants by their use of excessive, illegal and unjustified force in making an arrest and putting the plaintiff into protective custody, deprived plaintiff Devin R. Reade of his rights, privileges and immunities as guaranteed by the United States Constitution, as follows:

 a. the plaintiff was deprived of his rights to be free of physical abuse, coercion and intimidation in violation of the First, Fourth and Fourteenth Amendments to the United States Constitution;

 b. the plaintiff was deprived of his rights to be free from summary arrest

and punishment as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; and

c. the plaintiff was deprived of his rights to due process of law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

22. The plaintiff is thereby entitled to damages under the United States Constitution, 42 U.S.C. §§ 1983 and 1988, the Declaration of Rights of the Massachusetts Constitution, and G.L. c. 12, § 11I.

## *COUNT III: ASSAULT AND BATTERY*

23. The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24. The defendant police officers did unlawfully commit an assault and battery against the plaintiff Devin R. Reade in violation of Massachusetts common law.

## *COUNT IV: CONSPIRACY TO VIOLATE CIVIL RIGHTS*

25. The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26. As a direct and proximate result of the malicious, wanton and willful acts of defendant police officers Sanderson and Morin who separately, in concert and in agreement with each other, conspired to deprive the plaintiff of his federal and state

civil rights, as follows:

    a.     by conspiring to violate the plaintiff's Fourth Amendment Rights, and rights secured to the plaintiff by Articles I and XIV of the Declaration of Rights of the Massachusetts Constitution;

    b.     by conspiring to engage in the cover up of the illegal arrest and imprisonment;

27.     The plaintiff is thereby entitled to damages and relief pursuant to 42 U.S.C. §§ 1983 and 1988.

## COUNT V:   RECKLESS AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28.     The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 30 of this Complaint as though fully set forth herein.

29.     As a direct and proximate result of the acts of defendant police officers, the plaintiff did suffer severe emotional distress, pain and suffering, mental anguish, humiliation and embarrassment of such severity and nature that no reasonable person could or should be expected to endure, and the defendants knew or should have known that their acts would cause such emotional distress, pain and suffering, mental anguish, humiliation and embarrassment. Further, said emotional distress, pain and suffering, mental anguish, humiliation and embarrassment was recklessly and/or intentionally inflicted.

### *COUNT VI: UNCONSTITUTIONAL POLICY OR CUSTOM/GROSS NEGLIGENCE*

30. The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 32 of this Complaint as though fully set forth herein.

31. Defendant Chief of Police David Darrin and the defendant Town of Spencer, through its officers and/or agents, deliberate indifference to the rights of the citizens, and pursuant to an unconstitutional custom or policy, have failed to adequately train, supervise, investigate, control and discipline Spencer Police Officers. This deliberate indifference has been grossly negligent amounting to deliberate indifference to the rights of citizens.

32. With knowledge of and under the direction of defendant Chief of Police David Darrin and the defendant Town of Spencer, the Spencer Police Department and its individual members, acting under color of law, have engaged in a pattern of conduct which was the moving force that caused the violations of the plaintiffs' constitutional and statutory rights. Defendant David Darrin and the defendant Town of Spencer, pursuant to an unconstitutional custom or policy, have failed to adequately hire, train, supervise, control, investigate and discipline the defendant police officers who have denied plaintiff Devin R. Reade his rights as guaranteed by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, as well as, the Massachusetts Constitution.

33. Defendant Chief of Police David Darrin and the defendant Town of Spencer have been grossly negligent and deliberately indifferent in the training of police

officers. The municipal policy makers have failed to provide minimally acceptable standards of training or instruction to police officers in contemporary and up-to-date law enforcement standards, policies and procedures, in a number of key areas of law governing the laws of arrest, the law of protective custody, the laws governing probable cause to arrest and prosecute, the laws of search and seizure, the laws of the use of force, constitutional rights of citizens, and civil liability of police officers.

34. The official policy, custom and/or usage of the defendant Town of Spencer, through its officers and/or agents, is unconstitutional insofar as it dictates, encourages and/or permits police officers of the Spencer Police Department to violate the rights of citizens.

35. The official policy, custom and/or usage of the defendant Town of Spencer, through its officers and/or agents, violates the Constitution of the United States and the Commonwealth of Massachusetts and caused the violations of the constitutional rights of the plaintiff as alleged in this Complaint.

36. The plaintiff is thereby entitled to damages under the United States Constitution, 42 U.S.C. § § 1983 and 1988, G.L. c. 12, § 11I, G.L. c. 258, § 4, and other state laws including the Massachusetts Constitution.

## COUNT VII: NEGLIGENCE/ MASSACHUSETTS TORT CLAIM

37. The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 36 of this Complaint as though fully set forth herein.

126.    The defendant Town of Spencer is liable to the plaintiffs for damages pursuant to G. L. c. 258, §4.

**WHEREFORE,** plaintiff Devin R. Reade prays that this Court enter judgment on his behalf and :

1.    Award appropriate compensatory damages to plaintiff Devin R. Reade from the defendants jointly and severally in an amount to be determined by the court;

2.    Award punitive damages to plaintiff Devin R. Reade from defendants Sanderson and Morin in an amount to be determined by the court;

3.    Award the plaintiffs costs and attorneys' fees;

4.    Award such other relief as this Court deems just, equitable and appropriate.

**THE PLAINTIFFS HEREBY DEMAND A JURY TRIAL**

Respectfully submitted by:
Attorney for the Plaintiff,

Thomas T. Merrigan    BBO# 343480
**Rawson Merrigan & Merrigan, LLP**
40 School Street
Greenfield, MA 01301
May 20, 2004    413 774 5300

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Devin R. Reade

### DEFENDANTS
Ryan Sanderson, et al

(b) County of Residence of First Listed Plaintiff __Franklin__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed __Worcester__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's Firm Name, Address, and Telephone Number)
Thomas T. Merrigan    413 774 5300
Rawson Merrigan & Merrigan, LLP
40 School St., Greenfield, MA  01301

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | FEDERAL TAX SUITS | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | ☐ 871 IRS—Third Party 26 USC 7609 | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

U.S.C. 1983, 1988   Unlawful arrest and injury from assault and battery.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.CP. 23
DEMAND $ 100,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE                  DOCKET NUMBER

DATE 5-20-04
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT #____  AMOUNT____  APPLYING IFP____  JUDGE____  MAG. JUDGE____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Devin R. Reade v. Ryan Sanderson, et al__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [X] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO [X]

   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO [X]

   A. If yes, in which division do _all_ of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division [X]   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Thomas T. Merrigan__
ADDRESS __Rawson Merrigan & Merrigan, LLP 40 School St., Greenfield, MA 01301__
TELEPHONE NO. __413 774 5300__

(Coversheetlocal.wpd - 10/17/02)