UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-40086-FDS

| | |
|---|---|
| DEVIN R. READE, <br>     Plaintiff | ) <br> ) <br> ) |
| vs. | ) <br> ) |
| RYAN SANDERSON, Individually and in his <br> Official Capacity as Police Officer of the Town <br> of Spencer Police Department, and | ) <br> ) <br> ) <br> ) |
| VALERIE MORIN, Individually and in her <br> Official Capacity as Police Officer of the Town <br> of Spencer Police Department, and | ) <br> ) <br> ) <br> ) |
| DAVID DARRIN, Individually and in his <br> Official Capacity as Police Officer of the Town <br> of Spencer Police Department, and | ) <br> ) <br> ) <br> ) |
| THE TOWN OF SPENCER, a Municipal <br> Corporation duly established under the laws of the <br> Commonwealth of Massachusetts, <br>     Defendants | ) <br> ) <br> ) <br> ) |

**DEFENDANTS' ANSWER AND DEMAND FOR JURY TRIAL**

**AS TO JURISDICTION**

1. The defendants say that paragraph 1 does not require a response as it sets forth the plaintiff's theory of jurisdiction. To the extent that paragraph 1 is deemed to allege violations of any of the statutes set forth therein, the defendants deny such allegations.

2. The defendants deny the allegations contained in paragraph 2 of the plaintiff's complaint.

**AS TO PARTIES**

3. The defendants neither admit nor deny the allegations contained in paragraph 3 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to his burden of proof.

368852

4. The defendants neither admit nor deny the allegations contained in paragraph 4 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to his burden of proof.

5. The defendants neither admit nor deny the allegations contained in paragraph 5 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to his burden of proof.

6. The defendants neither admit nor deny the allegations contained in paragraph 6 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to his burden of proof.

7. The defendants admit the allegations contained in the first sentence of paragraph 7 of the plaintiff's complaint. The defendants neither admit nor deny the allegations contained in the second sentence of paragraph 7 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to his burden of proof.

## AS TO STATEMENT OF FACTS

8. The defendants admit so much of paragraph 8 as alleged that, on or about December 21, 2002, the defendant, Sanderson, observed a motor vehicle in the entrance of 62 North Spencer Road and that, thereafter, the defendant, Sanderson, observed an individual running southbound on North Spencer Road. The defendants further admit so much of paragraph 8 as alleges that the individual identified himself as the plaintiff herein, advised the officer that he had run out of gas and requested assistance. The defendant further admit so much of paragraph 8 as alleges that during said conversation, the defendant, Sanderson, detected a strong odor of alcohol emitting from the plaintiff and that, ultimately, the plaintiff was placed in protective custody and

368852

transported to the Spencer Police Station. The defendants neither admit nor deny the remaining allegations contained in paragraph 8.

9. The defendants say that they need not respond to the allegations contained in paragraph 9 to the extent that they purport to restate information contained in the police report as the document referred to therein speaks for itself. The defendants deny the allegations contained in the last sentence of paragraph 9.

10. The defendants deny the allegations contained in paragraph 10 of the plaintiff's complaint.

11. The defendants admit the allegations contained in the first sentence of paragraph 11 of the plaintiff's complaint. The defendants deny the allegations contained in the second sentence paragraph 11 of the plaintiff's complaint.

12. The defendants deny the allegations contained in paragraph 12 of the plaintiff's complaint.

13. The defendants deny the allegations contained in paragraph 13 of the plaintiff's complaint.

14. The defendants deny the allegations contained in paragraph 14 of the plaintiff's complaint.

15. The defendants deny the allegations contained in paragraph 15 of the plaintiff's complaint.

16. The defendants neither admit nor deny the allegations contained in paragraph 16 of the plaintiff's complaint as the documents referred to therein speak for themselves. In further answering, the defendants deny compliance with M.G.L. c. 258.

368852

## AS TO COUNT I

17. The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 16 of the plaintiff's complaint and incorporate them herein by reference.

18. The defendants deny the allegations contained in paragraph 18 of the plaintiff's complaint.

19. The defendants deny the allegations contained in paragraph 19 of the plaintiff's complaint.

## AS TO COUNT II

20. The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 19 of the plaintiff's complaint and incorporate them herein by reference.

21. The defendants deny the allegations contained in paragraph 21 of the plaintiff's complaint.

22. The defendants deny the allegations contained in paragraph 22 of the plaintiff's complaint.

## AS TO COUNT III

23. The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 22 of the plaintiff's complaint and incorporate them herein by reference.

24. The defendants deny the allegations contained in paragraph 24 of the plaintiff's complaint.

## AS TO COUNT IV

25. The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 24 of the plaintiff's complaint and incorporate them herein by reference.

26. The defendants deny the allegations contained in paragraph 26 of the plaintiff's complaint.

27. The defendants deny the allegations contained in paragraph 27 of the plaintiff's complaint.

## AS TO COUNT V

28. The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 27 of the plaintiff's complaint and incorporate them herein by reference.

29. The defendants deny the allegations contained in paragraph 29 of the plaintiff's complaint.

## AS TO COUNT VI

30. The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 29 of the plaintiff's complaint and incorporate them herein by reference.

31. The defendants deny the allegations contained in paragraph 31 of the plaintiff's complaint.

32. The defendants deny the allegations contained in paragraph 32 of the plaintiff's complaint.

33. The defendants deny the allegations contained in paragraph 33 of the plaintiff's complaint.

34. The defendants deny the allegations contained in paragraph 34 of the plaintiff's complaint.

35. The defendants deny the allegations contained in paragraph 35 of the plaintiff's complaint.

36. The defendants deny the allegations contained in paragraph 36 of the plaintiff's complaint.

## AS TO COUNT VII

37. The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 36 of the plaintiff's complaint and incorporate them herein by reference.

126. (sic) The defendants deny the allegations contained in paragraph 126 of the plaintiff's complaint.

## SECOND DEFENSE

The defendants say that the injuries and damages alleged were caused, in whole or in part, by the plaintiff's own negligence.

## THIRD DEFENSE

The defendants say that the accident as alleged in the plaintiff's complaint was not caused by any person for whose conduct the defendants are legally responsible.

## FOURTH DEFENSE

The defendants say that at the time of the alleged accident the plaintiff was guilty of a violation of the law which contributed to the alleged accident.

## FIFTH DEFENSE

The defendants say that this action was not commenced within the time required by the laws made and provided therefor.

## SIXTH DEFENSE

The defendants say that due written notice of the time, place, and cause of the plaintiff's injuries was not given by the plaintiff to the said defendants, and as a result the defendants have been prejudiced.

## SEVENTH DEFENSE

The plaintiff is not entitled to recover as the complaint does not set forth a claim upon which relief can be granted.

**EIGHTH DEFENSE**

In further answering, the defendants say that the plaintiff's claim is frivolous and not made in good faith, and the defendants, therefore, demand their costs and attorneys' fees pursuant to G.L. c. 231, § 6F.

**NINTH DEFENSE**

The injuries for which the plaintiff is seeking damages are unrelated to the incident and, therefore, the plaintiff is not entitled to recover.

**TENTH DEFENSE**

The defendants say that if plaintiff was injured as alleged, such was due to the acts or negligence of another, which constitute an intervening, superseding cause and, therefore, defendants are not liable.

**ELEVENTH DEFENSE**

The defendants say that the plaintiff has failed to comply with the requirements of M.G.L. c. 258, §§ 2 and 4 and, as such, the complaint must be dismissed.

**TWELFTH DEFENSE**

The defendants say that they are immune from liability in this case.

**THIRTEENTH DEFENSE**

The defendants say that the discretionary function exemption applies so as to preclude the imposition of liability in this case.

**FOURTEENTH DEFENSE**

The defendants say that M.G.L. c. 258, § 10 precludes the imposition of liability in this case.

**FIFTEENTH DEFENSE**

The defendants say that they are immune from liability as defendant's actions are privileged.

## SIXTEENTH DEFENSE

The defendant, Town of Spencer cannot be held liable for violating the civil rights of the plaintiff as there has been no official or unofficial policy, custom, ordinance, regulation, or practice resulting in the deprivation of constitutional rights alleged.

## SEVENTEENTH DEFENSE

The defendants say that the claims alleged pursuant to M.G.L. c. 12, §§ 11H and I must be dismissed as there are no allegations of deprivation of constitutional and/or statutory rights by force, threat, intimidation, or coercion.

## EIGHTEENTH DEFENSE

The doctrine of qualified immunity precludes the imposition of liability.

## NINETEENTH DEFENSE

The defendants state that any actions taken by the defendants in connection with the allegations in this complaint were justified and required by considerations of public policy, safety and law enforcement.

## TWENTIETH DEFENSE

The defendants say that they are immune from liability for damages for any violation of the plaintiff's civil rights under federal or state law since their conduct at all relevant times was in good faith, without malice and not in disregard of settled principles of constitutional law.

## TWENTY-FIRST DEFENSE

The defendants state that at all times they acted reasonably, within the scope of their official discretion and with a good faith belief that their actions were lawful and not in violation of any clear established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the complaint which bear on a state or federal question.

368852

## TWENTY-SECOND DEFENSE

The defendants state that they are immune from suit because of the doctrine of qualified immunity.

## TWENTY-THIRD DEFENSE

The defendants state that a civil rights action against the defendants must fail since they cannot be held liable under the *respondeat superior* doctrine and the plaintiff has failed to show that the defendants caused the alleged constitutional violation.

## TWENTY-FOURTH DEFENSE

The defendants state that the plaintiff's claim must fail since the defendants were, at all relevant times, discharging discretionary functions and, thus, are entitled to immunity.

THE DEFENDANTS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

THE DEFENDANTS
RYAN SANDERSON, VALERIE MORIN,
DAVID DARRIN and THE TOWN OF
SPENCER


By     */s/ Nancy Frankel Pelletier*
Nancy Frankel Pelletier, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.:  544402

368852