UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEVIN R. READE,<br><br>    Plaintiff,<br><br>    v.<br><br>RYAN SANDERSON, Individually and in his Official Capacity as Police Officer of the Town of Spencer Police Department, and<br><br>VALERIE MORIN, Individually and in her Official Capacity as a Police Officer of the Town of Spencer Police Department, and<br><br>DAVID DARRIN, in his Official Capacity as Chief of Police for the Town of Spencer Police Department, and<br><br>THE TOWN OF SPENCER, a Municipal Corporation duly established under the laws of the Commonwealth of Massachusetts,<br><br>    Defendants. | Civil Action No.<br>04-40086-FDS |

**ORDER**

**SAYLOR, J.**

All of the parties to this case reside in Massachusetts. When all of the parties reside in the District, Local Rule 40.1(D)(1)(b) provides that cases shall be filed in the division of the court where the majority of the plaintiffs reside.

The sole plaintiff, Devin R. Reade, resides in Colrain in Franklin County, which is in the Western Division. All of the individual defendants reside in Worcester County, and the only other defendant is the Town of Spencer, which is also in Worcester County. The civil action cover

sheet filed by plaintiff, which is required to be submitted with the initial pleading pursuant to Local Rule 3.1, states that the majority of the plaintiffs reside in the Central Division. The only plaintiff, however, resides in the Western Division. Therefore, pursuant to Local Rule 40.1(D)(1)(b), this case should have been filed in the Western Division.

Local Rule 40.1(F) permits any case to be transferred to another division *sua sponte* for good cause by the judge to whom the case is assigned. The fact that the case was filed in the wrong division is sufficient cause under the circumstances. The court also notes that this case is still in its early stages, and therefore a transfer to the Western Division will not cause undue delay, expense, or inconvenience. The court further notes that counsel for plaintiff has an office in Greenfield and counsel for defendants has her office in Springfield, both of which are in the Western Division, and thus the burden on the parties and counsel of enforcing compliance with the local rule will be relatively insubstantial. Accordingly, this case is hereby TRANSFERRED *sua sponte* to the Western Division in Springfield.

**So Ordered.**

                                                   /s/ F. Dennis Saylor
                                                   F. Dennis Saylor IV
                                                   United States District Judge

Dated: October 18, 2004